**Cherna GOLDIN and Estate of Nathan I. Goldin, Plaintiffs–Appellees,**

v.

**FEDERAL DEPOSIT INSURANCE CORPORATION, Defendant–Appellant.**

No. 91–2302.

United States Court of Appeals, Sixth Circuit.

Argued Nov. 20, 1992.

Decided Feb. 4, 1993.

**262**

Glen W. Johnson (argued and briefed), Donald E. Barris, Barris, Sott, Denn & Driker, Detroit, MI, for plaintiffs-appellees.

Peter A. Caplan, Asst. U.S. Atty., Office of U.S. Atty., Detroit, MI, George O. Barnwell (argued and briefed), Loretta R. Pitt, Thomas A. Schulz, F.D.I.C., Washington, DC, for defendant-appellant.

Before: KENNEDY, MARTIN, and SUHRHEINRICH, Circuit Judges.

KENNEDY, Circuit Judge.

Appellant Federal Deposit Insurance Corporation ("FDIC") appeals the District Court's grant of summary judgment in favor of plaintiffs, Cherna Goldin and the Estate of Nathan I. Goldin. The District Court's order found the FDIC's limitation of the deposit insurance of Nathan I. Goldin to be arbitrary and capricious. For the reasons stated below, we REVERSE the decision of the District Court and grant summary judgment in favor of the FDIC.

## I.

Spouses Nathan Goldin [1] and Cherna Goldin owned public revenue bonds issued by the Residential Housing Facilities Board of Pulaski County, Arkansas ("Facilities Board"). These bonds were secured by certificate of deposit accounts held in trust at FirstSouth, F.A. of Pine Bluff, Arkansas. FirstSouth was a federally chartered savings and loan association, the accounts of which were insured by the Federal Savings and Loan Insurance Corporation ("FSLIC").[2] The funds securing these bonds were held in irrevocable trust accounts by a trustee, the United States Trust Company of New York, in the amounts of $100,000 for Nathan Goldin individually and $100,000 for Nathan and Cherna Goldin jointly.

On December 4, 1986, the Federal Home Loan Bank Board ("Bank Board") declared FirstSouth insolvent and appointed the FSLIC receiver. The FSLIC determined that the Goldins' accounts were trust accounts held for the benefit of the Goldins

---

1. Nathan Goldin died on August 26, 1990, and his estate has been substituted in his place as a plaintiff in this action.

2. The FSLIC has since been abolished and its obligations transferred to the FDIC. Financial Institutions Reform, Recovery and Enforcement Act of 1989, Pub.L. 101–73, 103 Stat. 183 (August 9, 1989).

and thus applied the appropriate regulations for trust account coverage. The FSLIC found that Cherna Goldin's beneficial interest in the trust accounts was $50,000, her pro rata share of the trust account held jointly for both Nathan and Cherna Goldin. As a result, Cherna Goldin was insured for the full amount of her beneficial interest. In regard to Nathan Goldin, the FSLIC found that his beneficial interest in the trust accounts was $150,000, the aggregate of his $100,000 together with the $50,000 which was his pro rata share of the account held jointly for both Nathan and Cherna Goldin. As a result, Nathan Goldin was only insured up to the $100,000 limit for beneficial interests in trusts held for the same beneficiary by the same trustee, leaving $50,000 of his beneficial interest uninsured. When the FDIC affirmed the FSLIC's determinations, the Goldins filed this action.

The District Court held the FSLIC's determination, that $50,000 of the trust held jointly for Nathan and Cherna Goldin was uninsured, arbitrary and capricious. The District Court accepted plaintiffs' argument that the governing regulations separately insure each beneficial interest up to the $100,000 limit, that "beneficial interest" is not defined in the regulations, and that, using state law as a gap filler, Nathan Goldin's ownership as a joint tenant was a separate and distinct beneficial interest from his individual ownership. The District Court in part based its decision on a fear that allowing the FDIC to interpret its own regulations created too much unpredictability for investors in that the FDIC might manipulate its interpretation of the regulations in order to expand and contract insurance coverage according to the health of its insurance funds.

## II.

■ We review the grant of summary judgment de novo. *City of Mount Clemens v. Environmental Protection Agency*, 917 F.2d 908, 914 (6th Cir.1990). Summary judgment is appropriate where, taking the record as a whole, the nonmoving party has not raised a genuine issue of material fact. *Id.* A court should not disturb an agency interpretation of the statutes the agency is charged with implementing unless the agency's actions are arbitrary and capricious, an abuse of discretion, or contrary to law. 5 U.S.C. § 706(2)(A); *Naval Ordnance Station v. Federal Labor Relations Authority*, 818 F.2d 545, 547–48 (6th Cir.1987). While a court reviewing agency determinations should not be a rubber stamp, the arbitrary and capricious standard is deferential toward agency decisions. *Air Pollution Control District v. Environmental Protection Agency*, 739 F.2d 1071, 1083 (6th Cir.1984). Even if the agency's action is not the only possible way to follow the appropriate statutes, it must be upheld if reasonable. *Id.*

## III.

■ Under section 405(a) of the National Housing Act, 12 U.S.C. § 1728(a), the FSLIC was given authority to define the scope of insurance coverage for funds deposited at covered institutions and held in trust for holders of public bonds. In accordance with that authority, the FSLIC promulgated 12 C.F.R. § 564.8(b) (1986), which provided that the funds are trust funds:

> Where an officer, agent or employee of a public unit has custody of certain funds which by law or under the bond indenture are required to be paid to the holders of bonds issued by the public unit, any investment of such funds in an insured institution shall be deemed to be an investment by a trustee of trust funds of which the bondholders are pro rata beneficiaries, and each such beneficial interest shall be separately insured up to $100,000.

Thus, under section 564.8(b), accounts established to secure payment to holders of public revenue bonds, such as plaintiffs, were to be treated as trust funds. The bondholders were to be treated as pro rata beneficiaries of these trust funds, with each beneficial interest insured up to $100,000. Further, because such accounts were designated as trust funds by section 564.8(b), the FSLIC found the maximum indi-

vidual insurance coverage for trust funds applied to plaintiffs. In pertinent part, 12 C.F.R. § 564.10 (1986), states that:

> All trust estates for the same beneficiary invested in accounts established pursuant to valid trust arrangements created by the same settlor (grantor) shall be added together and insured up to $100,000 in the aggregate, separately from other accounts of the trustee of such trust funds or of the settlor or beneficiary of such trust arrangements....

Neither of these regulations, nor their application to plaintiffs, strikes the Court as an arbitrary and capricious implementation of 12 U.S.C. § 1728(a). Even if section 564.8(b) did not make it clear that for the purposes of trust fund coverage the amounts held for a single individual by the same trustee should be aggregated, section 564.10 does. The District Court based its decision on the assertion that section 564.-8(b) does not define "beneficial interest" and "bondholder," and as a result that in the absence of federal law, state law should be used as a gap filler. It then applied Michigan law, which it held to be the appropriate state as the domicile of plaintiffs, to find that Nathan Goldin was not the beneficiary of a pro rata portion of the trust account held jointly for Nathan and Cherna Goldin, but that the beneficiary was actually a joint-tenant estate which could not be divided and which was property of the marriage. Thus, under the District Court's analysis, since the state law joint-tenant estate was the beneficiary of $100,000 held jointly by Nathan and Cherna Goldin and Nathan Goldin was the beneficiary of the $100,000 held for him individually, the entire $200,000 was covered by deposit insurance. In light of section 564.-10, however, we do not find such resort to state law necessary.

As acknowledged by the very authority cited by plaintiffs for the proposition that state law should supplant the agency's determination, "the Supreme Court squarely held that federal law controls the rights and obligations of the FDIC." *Jones v. FDIC*, 748 F.2d 1400, 1402 (10th Cir.1984), citing *D'Oench, Duhme & Co. v. FDIC*, 315 U.S. 447, 62 S.Ct. 676, 86 L.Ed. 956 (1942). The "need to rely on state law" has been "eliminated ... except in those instances where state law is necessary for the [agency] determination." *Jones*, 748 F.2d at 1404, n. 3. The FSLIC's interpretation of the terms bondholders and beneficial interests in its regulations to be Nathan and Cherna Goldin in this case is both plausible and reasonable. Since "beneficiary" in section 564.10 clearly refers to an individual, it logically follows that both bondholder and beneficial interest should refer to individuals as well. Importing state law into this definitional scheme would unnecessarily complicate these definitions.

The regulations applied by the FSLIC were, appropriately, those for trust accounts, not joint accounts. Deposit insurance coverage for joint accounts is a separate matter, covered by different regulations. At the time FirstSouth was declared insolvent, eligibility for joint account coverage was determined by whether each co-owner of the account had executed a signature card and possessed withdrawal rights. 12 C.F.R. § 564.9(b) (1986). Since the Goldins possessed no right of withdrawal and FSLIC review of the signature cards revealed that they had been signed by the trustee, the joint account regulations do not apply in the present case. Thus, the FSLIC did not act arbitrarily in refusing to apply the ordinary joint account regulations.

## IV.

Thus, the agency charged with implementing the federal program has promulgated reasonable regulations, and those regulations have been implemented in a reasonable manner. Resort to state law is not necessary. Therefore, we REVERSE the grant of summary judgment by the District Court, and, because we find no issues of material fact to remain, grant summary judgment in favor of defendant FDIC.