**Herbert F. TEICHMAN, Plaintiff,**

v.

**Mike ESPY, Secretary of Agriculture, Defendant.**

**No. 1:94–CV–601.**

United States District Court, W.D. Michigan, Southern Division.

Aug. 18, 1995.

Charles T. La Sata, Globensky, Gleiss, Bittner & Hyrns, PC, St. Joseph, MI, for plaintiff.

Michael L. Schipper, Asst. U.S. Attorney, Michael H. Dettmer, United States Attorney, Grand Rapids, MI, for defendant.

### *OPINION*

QUIST, District Judge.

Plaintiff brought this action for declaratory relief to obtain judicial review of the United States Department of Agriculture's (USDA) decision denying plaintiff relief under the Federal Tree Assistance Program (TAP), Food, Agriculture, Conservation, and Trade Act of 1990, Pub. Law No. 101–624 § 2255, 104 Stat. 3974 (1990).

### *Facts*

The parties agree that the facts are not in dispute. Plaintiff has a fruit farm, and in the Spring of 1991, plaintiff lost almost 39 acres of apple trees, over 55% of his fruit farm, as a result of a fire blight epidemic. Fire blight is a highly infectious bacterial disease of apples, pears and other orchard crops. *See* Plaintiff's reply brief at 4.

On February 7, 1992, plaintiff applied for disaster relief under the Tree Assistance Program (TAP), Food, Agriculture, Conservation, and Trade Act of 1990, Pub. Law No. 101–624 § 2255, 104 Stat. 3974 (1990) (FACT Act). TAP is administered by the USDA which directs the Secretary of Agriculture to provide assistance for replacement of trees lost "as a result of freeze, earthquake or related condition." Food, Agriculture, Conservation, and Trade Act of 1990, Pub. Law No. 101–624 § 2255, 104 Stat. 3974 (1990).

On March 30, 1992, the Berrien County, Michigan, USDA, Agricultural Stabilization and Conservation Committee denied plaintiff's request for disaster relief on the grounds that fire blight losses are not eligible for TAP relief. Administrative Record (AdR) at 062. On April 9, 1992, Keiron A. Preston, a technician from the Berrien County Office of the USDA, Agricultural Stabilization and Conservation Service visited plaintiff's farm and verified that plaintiff's losses were due to fire blight. *See* AdR at 051–059.

Plaintiff exhausted his appeal rights within the USDA. Plaintiff was denied relief at each level of the administrative appeal process. The National Appeals Division (NAD), Agricultural Stabilization and Conservation Service, held:

> "related condition" as stipulated in Section 2251 of the Act refers to the deterioration of a commodity crop. . . . In order for orchards to be eligible for cost-share assistance under the TAP, the damage must have been the result of either a freeze or an earthquake. Because fire blight is a bacterial disease associated with high temperatures in conjunction with high humidity, [plaintiff's] losses are not eligible under the TAP.

AdR at 023–024. In a letter in response to plaintiff's request for reconsideration, Administrator Keith Bjerke stated "[f]ire blight is not a condition related to either freeze or earthquake. Therefore, we believe the July 29, 1992, determination issued by NAD was appropriate." *Id.* at 001.

Plaintiff has never asserted that fire blight is caused by freeze or earthquake. Rather, plaintiff asserted at the administrative level, and continues to assert in this action, that the term "related condition" as defined in the 1990 FACT Act includes losses due to an outbreak of fire blight which was accelerated or exacerbated by unusually high winds and driving rain and hail. Plaintiff supports this assertion by arguing that the definition of "related condition" contained in subchapter A applies to subchapter B. Defendant contends that "related condition" means a condition related to freeze or earthquake "as determined by the Secretary."

### Standard of Review

■ A court reviewing an administrative agency's decision should not disturb the agency's interpretation of the statutes the agency is charged with implementing unless the agency's actions are arbitrary, capricious, an abuse of discretion, or contrary to law. 5 U.S.C. § 706(2)(A); *Goldin v. F.D.I.C.*, 985 F.2d 261, 263 (6th Cir.1993). When a court reviews an agency's construction of a statute which it administers, the reviewing court is confronted with two questions. *Chevron, U.S.A. Inc. v. Natural Resources Defense*, 467 U.S. 837, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984). First, whether Congress has directly spoken to the precise question at issue. *Chevron*, 467 U.S. at 842, 104 S.Ct. at 2781; *See also Nationwide Mut. Ins. Co. v. Cisneros*, 52 F.3d 1351, 1356 (6th Cir.1995). If the intent of Congress is clear, that is the end of the matter. The court as well as the agency must give effect to the unambiguously expressed intent of Congress. *Nationwide*, 52 F.3d at 1356 (citing *Chevron*, 467 U.S. at 842–43, 104 S.Ct. at 2781). If the intent of Congress "is silent or ambiguous with respect to the specific issue, the [second] question for the court is whether the agency's answer is based on a permissible construction of the statute." *Nationwide*, 52 F.3d at 1356, (quoting *Chevron*, 467 U.S. at 842–43, 104 S.Ct. at 2781).

■ In determining whether an agency's interpretation is based on a permissible construction of a statute, a reviewing "court need not conclude that the agency construction was the only one it permissibly could have adopted to uphold the construction, or even the reading the court would have

reached if the question initially had arisen in a judicial proceeding." *Nationwide,* 52 F.3d at 1356, (quoting *Chevron,* 467 U.S. at 843 n. 11, 104 S.Ct. at 2782 n. 11).

■ Although the court must accord substantial deference to the agency's interpretation of a statute, *Chevron,* 467 U.S. at 844, 104 S.Ct. at 2782; *Lansing Dairy, Inc. v. Espy,* 39 F.3d 1339, 1350 (6th Cir.1994), the reviewing court should not rubber stamp the agency's decision. *Goldin,* 985 F.2d at 263. The Court may invalidate an agency adjudication which is inconsistent with the statutory mandate or that frustrates the policy Congress sought to implement. "The judiciary is the final authority on issues of statutory construction and must reject administrative constructions which are contrary to clear congressional intent." *Nationwide Mutual,* 52 F.3d at 1356, (quoting *Chevron,* 467 U.S. at 843, n. 9, 104 S.Ct. at 2781, n. 9).

*Discussion*

■ The issue in this case is whether plaintiff can receive disaster relief for fire blight damage to his orchard crop under the portion of the statute that states relief will be provided for damage due to "freeze, earthquake, or **related condition.**"

Chapter 3 of the FACT Act entitled "Emergency Crop Loss Assistance" includes four subchapters. Food, Agriculture, Conservation and Trade Act of 1990, Pub.L. 101–624, § 2241(a)(1), 104 Stat. 3974 (1990). Subchapter A entitled "Annual Crops" applies to crops of "wheat, feed grains, upland cotton, extra long staple cotton, or rice, except as otherwise provided in this subsection, .." Subchapter A provides coverage for **"damaging weather or related condition."** Subchapter B applies to orchards. Subchapter B provides coverage for losses caused by **"freeze, earthquake or related condition."** Subchapter C applies to forest crops. Subchapter C provides coverage for losses caused by **"drought, earthquake, or related condition."**

Subchapter A (annual crops) section 2251 provides:

As used in this chapter:

(2) RELATED CONDITION.—The term "related condition" includes but is not limited to insect infestations, plant diseases, or other deterioration of a crop of a commodity, including aflatoxin, that is accelerated or exacerbated naturally as a result of damaging weather occurring prior to or during harvest.

Food, Agriculture, Conservation and Trade Act of 1990, Pub.L. 101–624, § 2251, 104 Stat. 3974 (1990).

Subchapter B (orchards) section 2255(a) provides:

(a) LOSS.—Subject to the limitation in subsection (b),[1] the Secretary of Agriculture shall provide assistance, as specified in section 2256, to eligible orchardists that planted trees for commercial purposes but lost such trees as a result of freeze, earthquake, or **related condition** in 1990, as determined by the Secretary.

Food, Agriculture, Conservation and Trade Act of 1990, Pub.L. 101–624, § 2255(a), 104 Stat. 3974 (1990) (footnote added) (emphasis added).

Subchapter B section 2256 states:

The assistance provided by the Secretary of Agriculture to eligible orchardists for losses described in section 2255 shall consist of either—

(1) reimbursement of 65 percent of the cost of replanting trees lost due to **freeze, earthquake, or related condition** in 1990, in excess of 35 percent of mortality (adjusted for normal mortality);

Food, Agriculture, Conservation and Trade Act. of 1990, Pub.L. 101–624, § 2256, 104 Stat. 3974 (1990) (emphasis added).

Subchapter C (forest crops) section 2262 states:

The assistance provided by the Secretary of Agriculture to eligible tree farmers for

---

1. Subsection (b) provides:

. (b) LIMITATION.—An eligible orchardist shall qualify for assistance under subsection (a) only

if such orchardist's tree mortality, as a result of the natural disaster, exceeds 35 percent (adjusted for normal mortality).

losses described in section 2261 shall consist of either—

> (1) reimbursement of 65 percent of the cost of replanting seedlings lost due to **drought, earthquake, or related condition** in 1990 in excess of 35 percent mortality (adjusted for normal mortality);

Neither subchapter B (orchards) nor subchapter C (forest crops) *contains a definition* of "related condition."

These provisions were extended by the Dire Emergency Supplemental Appropriations Act of 1992 (Pub.L. 102–229) (1992 Act) to cover losses that occurred in 1991.

Plaintiff provided a copy of the legislation that preceded the 1990 Act to bolster his argument that the definition of the term "related condition" in subchapter A of the Act applies to the term as used in subchapter B of the Act. In the 1989 version of the FACT Act, the portions that are labeled subchapters in the 1990 Act are labeled subtitles in the 1989 Act. Additionally, the definition of "related condition" in the 1989 Act specifically limited its application to that "subtitle". The definition of "related condition" in the 1990 Act states, "As used in this **chapter**." Plaintiff asserts that the change of the catchline headings in the 1990 Act— from "subtitle" to "chapter"—clearly establishes that Congress intended to have the definition in subchapter A (annual crops) apply to the entire chapter, including subchapter B, orchards, rather than limit its application to subchapter A.

■ Basically, what plaintiff is seeking to achieve is to expand subchapter B's coverage for orchards from coverage for **"freeze, earthquake or related condition"** to the much broader coverage for annual crops contained in subchapter A that includes **"damaging weather or related condition."** The simple answer to plaintiff's argument is that if Congress had wanted orchards to be covered for high temperatures in conjunction with high humidity which causes fire blight, Congress would have used the same or similar **coverage** language in subchapter B (orchards) as it did in subchapter A (annual crops). But Congress had much narrower coverage for orchards.

The Court finds that the definition of "related condition" contained in subchapter A section 2251 of the Act applies only to subchapter A. First of all, chapter headings or subchapter headings in a statute are generally not part of the law. They are usually mere catchlines to enable readers to find relevant law more quickly. But even if the headings of this particular statute are part of the law, then it is clear that Congress uses the words "Chapter" and "Subchapter" interchangeably throughout the statute. The "Limitations On Assistance" provision set forth in subchapter B contains a definition for the term " 'person' for **purposes of this chapter,** .." Food, Agriculture, Conservation and Trade Act of 1990, Pub.L. 101–624, § 2257(b)(1), 104 Stat. 3974 (1990) (emphasis added). The "Limitations On Assistance" provision in subchapter C also contains a definition for the term " 'person' **for purposes of this chapter,** .." Food, Agriculture, Conservation and Trade Act of 1990, Pub.L. 101–624, § 2263(b)(1), 104 Stat. 3975 (1990) (emphasis added). The exact same definition is set forth in both subchapters in spite of the language stating "for purposes of this chapter." It would be redundant to set forth the definition of "person" in both subchapters if Congress had intended for the definition to apply to the entire chapter.

The fact Congress uses the words chapter and subchapter interchangeable is also exemplified by reviewing the "limitations" subsection of the "Limitations On Assistance" provisions in each subchapter. Subchapter B section 2257(a) provides:

> (a) Limitation.—The total amount of payments that a person shall be entitled to receive **under this chapter** may not exceed $25,000, or an equivalent value in tree seedlings.

Food, Agriculture, Conservation and Trade Act of 1990, Pub.L. 101–624, § 2257(a), 104 Stat. 3974 (1990) (emphasis added). Subchapter C section 2263(a) provides:

> (a) Limitation.—The total amount of payments that a person shall be entitled to receive **under this chapter** may not exceed $25,000, or an equivalent value in tree seedlings.

Food, Agriculture, Conservation and Trade Act of 1990, Pub.L. 101–624, § 2263(a), 104 Stat. 3974 (1990) (emphasis added).

358

For all of the above reasons, the Court holds that the definition of "related condition" contained in subchapter A section 2251 of the Act does not apply to the term as used in subchapter B section 2255 of the Act.

■ Plaintiff cites the Conference Report pertaining to this statute which states that "fire blight may be a 'related condition' for purposes of section 2251 (of the 1990 Act) and losses should be eligible for disaster payments where the condition has been accelerated or exacerbated naturally as a result of damaging weather." Plaintiff's Motion For Summary Judgment at 10. The Conference Report cited by plaintiff appears to indicate that Congress intended for fire blight to be considered a "related condition" under section 2251. *See* H.R.Conf.Rep. 102–394. In light of this Court's finding that the definition of "related condition" contained in subchapter A section 2251 does not apply to the term as used in subchapter B section 2255, the Conference Report upon which plaintiff relies is not helpful.

Defendant argues that the language contained in section 2255 which provides "... as determined by the Secretary" indicates that Congress gave the Secretary discretion in determining when assistance should be provided. This argument is persuasive. The Act unambiguously empowers the Secretary to determine whether a loss incurred by an orchardist was the result of a condition related to freeze or earthquake. The agency's decision to deny relief to plaintiff is consistent with the statutory mandate and does not frustrate the policy Congress sought to implement. As set forth above, that policy clearly seeks to give some protection to orchardists who suffer losses due to "freeze, earthquake or related condition" but not to orchardists who suffer losses due to "damaging weather or related condition." Therefore, the Court will affirm the decision of the agency.

An Order consistent with this Opinion will be entered.