**THEREFORE, IT IS HEREBY ORDERED** that defendant's motion for summary judgment is granted.

**IT IS FURTHER ORDERED** that plaintiff's motion for summary judgment is **denied.**

**Pearl and Dolores PETZOLDT,**
**Plaintiffs,**

v.

**Dan GLICKMAN, Secretary of**
**Agriculture, Defendant.**

**No. 1:97CV00014 TCM.**

United States District Court,
E.D. Missouri,
Southeastern Division.

Oct. 30, 1997.

John L. Miles, Sr., St. Louis, MO, for Plaintiffs.

Edward L. Dowd, Jr., U.S. Atty., Joseph B. Moore, Asst. U.S. Atty., St. Louis, MO, for Defendant.

### MEMORANDUM AND ORDER

MUMMERT, United States Magistrate Judge. ·

This matter is before the Court[1] on the motion of Dan Glickman, Secretary of Agriculture ("Defendant"), to dismiss the complaint filed against him by Pearl and Dolores Petzoldt ("Plaintiffs"). [Doc. 12]

### Background

In July of 1993, Plaintiffs' farm in Perry County, Missouri, was inundated by flooding of the Mississippi River and its tributaries. The flooding completely destroyed Plaintiffs' farming operation, including their fish crop (aquaculture crop).

Plaintiffs repeatedly applied for crop disaster assistance to rebuild their aquaculture operation pursuant to the Emergency Supplemental Appropriations for Relief from Major, Widespread Flooding in the Midwest Act of 1993, Pub.L. 103–75, 107 Stat. 739 (1993 Appropriations Act). (Pfs.' Ex. "B".) The Perry County Consolidated Farm Service Agency Committee reluctantly denied the applications on the grounds that aquaculture was not an eligible crop under the 1993 disaster program. (Pfs.' Exs. "C" and "E".) The Farm Service Agency (FSA) confirmed the Committee's interpretation of the 1993 Appropriations Act. (Pfs.' Ex. "F".)

Plaintiffs then filed the instant action seeking a declaratory judgment and alleging that their aquaculture crop did qualify in 1993 for disaster relief. Plaintiffs further allege in their complaint that the 1993 Appropriations Act is subject to the terms and conditions of the Food, Agriculture, Conservation and Trade Act of 1990, Pub.L. 101–624, 104 Stat. 3359 (1990 Farm Bill), and that the 1990 Farm Bill includes aquaculture as an eligible crop for disaster benefits, specifically in Title XXII, § 2244.

Defendant moves to dismiss Plaintiffs' complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Defendant argues that the 1990 Farm Bill does not include aquaculture as an eligible crop to receive disaster payments because (a) aquaculture is excluded from the phrase "other commercial crops" in § 2244(d)(1), and (b) aquaculture is not a crop for which crop insurance through the Federal Crop Insurance Corporation ("FCIC") was available for the 1990 crop year. Defendant also argues that the FSA's decision denying Plaintiffs' applications must be upheld pursuant to the standard of judicial review delineated in 5 U.S.C. § 706(2)(A).

Plaintiffs counter that aquaculture is subsumed in the category of "other commercial crops." Plaintiffs argue that the crops included in subsection (d)(1)'s reference to "crops for which FCIC crop insurance was available in 1990" are those defined as an

---

1. The case is before the undersigned United States Magistrate Judge pursuant to the written consent of the parties. *See* 28 U.S.C. § 636(c).

"agricultural commodity" in the Federal Crop Insurance Act, 7 U.S.C. § 1518. Section 1518, in turn, includes as an agricultural commodity, "aquacultural species (including, but not limited to any species of finfish, mollusk, crustacean, or other aquatic invertebrate, amphibian, reptile, or aquatic plant propagated or reared in a controlled or selected environment)." Plaintiffs further reason that subsection (d)(1)'s reference to "crops covered under section 2241, 2242, or 2243, soybeans, or sunflowers" lists the only crops not to be considered "commercial crops" and, therefore, aquaculture is a commercial crop.

### Discussion

In considering a motion to dismiss, this Court must assume that all the facts alleged in the complaint are true, *see Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957); *Hamm v. Groose*, 15 F.3d 110, 112 (8th Cir.1994), and must view the allegations in the complaint in the light most favorable to the plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974); *Fusco v. Xerox Corp.*, 676 F.2d 332, 334 (8th Cir.1982). The issue is not whether the pleading party will ultimately prevail, but whether that party is entitled to offer evidence in support of its claim. *See Scheuer*, 416 U.S. at 236, 94 S.Ct. at 1686. Moreover, "[a] motion to dismiss should be granted 'as a practical matter ... only in the unusual case in which a plaintiff includes allegations that show on the face of the complaint that there is some insuperable bar to relief.'" *Frey v. City of Herculaneum*, 44 F.3d 667, 671 (8th Cir.1995) (quoting *Alexander v. Peffer*, 993 F.2d 1348, 1349 (8th Cir.1993)).

The parties agree that Plaintiffs' entitlement to disaster relief payments for their destroyed fish farm depends on the 1993 Appropriations Act. That Act provided "emergency supplemental appropriations for relief from the major, widespread flooding in the Midwest for the fiscal year ending September 30, 1993." 107 Stat. 739. The Secretary of Agriculture was instructed to make payments under the Act for 1993 crop losses

at 100 percent payment rate for each eligible claim, as authorized in the 1990 Farm Bill. 1993 U.S.C.C.A.N. 1697 (1994). The parties agree that the eligibility of Plaintiffs' aquaculture crop for 1993 disaster payments turns on the 1990 Farm Bill.

Title XXII of the 1990 Farm Bill, entitled "Crop Insurance and Disaster Assistance," includes Chapter 3, "Emergency Crop Loss Assistance." Sections 2241 and 2242 of this chapter concern six specific crops—aquaculture is not included.[2] Section 2243 concerns peanuts, sugar, and tobacco. Section 2244 concerns "nonprogram crops," as defined in subsection (d)(1). Subsection (d)(1) provides as follows:

> As used in this section, the term "nonprogram crop" means *all crops for which crop insurance through the [FCIC] was available* for crop year 1990, and *other commercial crops* (including ornamentals which shall include flowering shrubs, flowering trees, and field or container grown roses or turf and sweet potatoes for which such insurance was not available for crop year 1990), except that such term shall not include a crop covered under section 2241, 2242, or 2243, soybeans, or sunflowers. (Emphasis added.)

Thus, under the 1990 Farm Bill, Plaintiffs are entitled to disaster relief for the loss of their aquaculture crop if, and only if, the crop is either (a) one for which crop insurance was available through the FCIC for the 1990 crop year or (b) included in the definition of "other commercial crops."

■ Defendant first argues that the aquaculture crop was not eligible for crop insurance through the FCIC, citing 7 C.F.R. Pt. 401, § 401.1. Plaintiffs counter that it was eligible, citing 7 U.S.C. § 1518.

Title 7, C.F.R. Pt. 401 contains the General Crop Insurance Regulations for 1988 and subsequent years. These regulations were promulgated pursuant to the authority granted to the FCIC by Congress in the Federal Crop Insurance Act, as amended, 7 U.S.C.

---

**2.** The six crops are wheat, feed grains, upland cotton, extra long staple cotton, and rice.

§§ 1506 [3] and 1516.[4] Title 7 C.F.R. § 401.1 (1993) specifically provides that:

> The provisions of this part are applied only to crops for which a crop endorsement is published as a section to 7 C.F.R. Part 401, and then only for the crops and crop years designated by the applicable section.

The regulations do not include a crop endorsement for aquaculture. *See* 7 C.F.R. Pt. 401, §§ 401.101–401.146.

Plaintiffs do not argue that aquaculture is a covered crop under Part 401. They argue instead that the crops for which FCIC crop insurance was available for the crop year 1990 are defined in 7 U.S.C. § 1518 as follows. "Agricultural commodity as used in this chapter, means wheat, cotton, flax ... *aquacultural species* (including, but not limited to, any species of finfish, mollusk, crustacean or other aquatic invertebrate, amphibian, reptile, or aquatic plant propagated or reared in a controlled or selected environment.)" (Emphasis added.) The Federal Crop Insurance Act of 1980, Pub.L. 96–365, 94 Stat. 1312, changed the definition of "agricultural commodity" in § 1518 to include aquacultural species. Section 1518's definition of "agricultural commodity" merely grants the FCIC the authority to make crop insurance available for a specific crop, at its choosing. The 1980 Act makes this point clear. "[The Act] allows for the first time insurance coverage for aquacultural species ... Aquacultural species insurance is included in [the Act] in order to assist this budding industry make its full contribution to the Nation's food needs. Other legislation has been proposed which would establish a new agency to administer an aquaculture insurance program, but in order to save taxpayer dollars and to best use the experience and expertise of the [FCIC], the Committee is of the view this authority should be granted to FCIC." H. Rept. 96–430 pp. 11–12. The FCIC was granted the authority to include aquaculture as a crop eligible for insurance; its regulations make it evident that it declined to exercise this authority. Plaintiffs may not, therefore, recover disaster relief payments for their destroyed aquaculture crop under the grounds that the crop was eligible for insurance was available through the FCIC for the 1990 crop year.

■ Plaintiffs may, however, recover disaster relief payments if the aquaculture crop is considered to be subsumed in the category of "other commercial crops." Defendant argues that it is not because under the canon of statutory construction of *ejusdem generis* the phrase "other commercial crops" is meant to include only specific plant crops. On the other hand, Plaintiffs argue that "other commercial crops" includes all crops but those specified in sections 2241, 2242, and 2243, and soybeans and sunflowers. Thus, under Plaintiffs' interpretation, aquaculture would be an "other commercial crop[ ]."

The rule of *ejusdem generis* "limits general terms which follow specific ones to matters similar to those specified." *Patterson v. Tenet Healthcare, Inc.,* 113 F.3d 832, 836 (8th Cir.1997) (interim quotations omitted). *See also Norfolk & Western Ry. Co. v. American Train Dispatchers Ass'n,* 499 U.S. 117, 129, 111 S.Ct. 1156, 1163–64, 113 L.Ed.2d 95 (1991); *Preferred Risk Mut. Ins. Co. v. United States,* 86 F.3d 789, 794 (8th Cir.1996), *cert. denied,* —— U.S. ——, 117 S.Ct. 1245, 137 L.Ed.2d 327 (1997). If the categories of enumeration are not so disparate as to leave the whole context of the statute section ambiguous, this canon controls. *See Arcadia, Ohio v. Ohio Power Co.,* 498 U.S. 73, 78, 111 S.Ct. 415, 418–19, 112 L.Ed.2d 374 (1990). The enumeration in § 2244(d)(1) which clearly lists specific plant crops is rendered superfluous if the term commercial crops is interpreted as adding to this detailed list "or anything else." Thus, the Court finds that

---

3. Title 7 U.S.C. § 1506 provides, in relevant part, that the "[g]eneral powers of the [FCIC]" include, inter alia:

> (j) [the FCIC] shall have such powers as may be necessary or appropriate for the exercise of the powers herein specifically conferred upon the Corporation and all such incidental powers as are customary in corporations generally.

4. Title 7 U.S.C. § 1516(b) provides that:

> The Secretary and the Corporation, respectively, are authorized to issue such regulations as may be necessary to carry out the provisions of this chapter.

aquaculture is not an "other commercial crop" included in § 2244(d)(1) of the 1990 Farm Bill.

The exclusion of aquaculture from the 1990 Farm Bill is further evidenced by supplemental disaster relief acts that Congress passed in 1992 and 1995. The Supplemental Appropriations, Transfers, and Rescissions Act, 1992, Public Law 102–368, 106 Stat. 1117, concerns the 1990, 1991, and 1992 disaster relief programs and specifically includes aquaculture as an eligible crop. The Agricultural Rural Development, Food and Drug Administration, and Related Agencies Appropriations Act, 1995, Pub.L. 103–330, 108 Stat. 2448, authorizes the 1994 disaster relief program and specifically includes aquaculture as an eligible crop. Both the 1992 and the 1995 supplemental acts, like the 1993 Appropriations Act, are subject to the terms of the 1990 Farm Bill. However, unlike the 1993 Appropriations Act, both the 1992 and 1995 supplemental acts include language that specifically provides disaster relief for aquaculture. The specific mention of aquaculture in the 1995 supplemental act indicates that Congress interpreted the 1990 Farm Bill as not including disaster assistance for aquaculture producers, and, therefore, specifically included aquaculture in the 1995 act to assist aquaculture producers that it knew would otherwise remain unassisted under the terms of the 1990 Farm Bill.

■ Defendant next argues that the FSA's September 1996 administrative ruling determining that Plaintiffs' aquaculture losses were not covered under the 1993 Appropriations Act is an administrative decision entitled to deference on judicial review pursuant to 5 U.S.C. § 706(2)(A).[5] Section 706(2)(A) describes the standard of judicial review of an agency's action administering its program as whether the action is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law." "Under [this] deferential standard of review, the agency's action is presumed valid so long as the agency has rationally set forth the grounds on which it acted and a reviewing court may not substitute its own judgment." *Bankruptcy Estate of United Shipping Co.*

*Inc. v. General Mills, Inc.*, 34 F.3d 1383, 1390 (8th Cir.1994) (citations omitted). "This narrow review entails a 'searching and careful' de novo review of the administrative record presented to determine 'whether the decision was based on a consideration of the relevant factors and whether there has been a clear error of judgment.'" *Downer v. United States*, 97 F.3d 999, 1002 (8th Cir. 1996) (per curiam) (quoting *Marsh v. Oregon Natural Resources Council*, 490 U.S. 360, 378, 109 S.Ct. 1851, 1865, 104 L.Ed.2d 377 (1989)). "[T]he reviewing court may not substitute its judgment for that of the agency and must give substantial deference to agency determinations." *Id.* (citing *Motor Vehicle Mfrs. Ass'n v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43, 103 S.Ct. 2856, 2866–67, 77 L.Ed.2d 443 (1983)). Moreover, the reviewing court "need not conclude that an agency's construction of a statute is the only one that it permissibly could have adopted, or that [the court] would have reached the same conclusion had the issue initially presented itself in judicial proceedings." *Teichman v. Espy*, 122 F.3d 341, 344 (6th Cir.1997) (citing *Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837, 843 n. 11, 104 S.Ct. 2778, 2782 n. 11, 81 L.Ed.2d 694 (1984)).

The FSA denied Plaintiffs' applications for disaster relief payments on the grounds that the 1993 Appropriations Act did not include aquaculture as an eligible crop, and that the exclusion was evidenced by the specific inclusion of aquaculture as an eligible crop in the 1995 supplemental appropriations act for disaster relief programs. The FSA stated that, "[this] interpretation was affirmed when Congress passed Public Law 103–330 [the 1995 Act]. That law authorized the 1994 Disaster Program. Like Public Law 102–368 [the 1992 Act], it specifically includes aquaculture as an eligible crop." The FSA's decision that aquaculture is not an eligible category for disaster relief under the 1993 Appropriations Act is not arbitrary, capricious, or an abuse of discretion, and is presumed valid under 5 U.S.C. § 706(2)(A).

**5.** Plaintiffs have not directed the Court to any authority to the contrary.

### Conclusion

Plaintiffs unfortunately lost their aquaculture crop in a year when aquaculture was not eligible for disaster relief payments. This ineligibility results from the exclusion of aquaculture as an eligible crop under the 1990 Farm Bill. This exclusion is evidenced by the specific inclusion of aquaculture in 1992 and 1995 appropriations acts which also rely on the 1990 Farm Bill as a reference for which crops are eligible.

Accordingly, for the reasons set forth above,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss is **GRANTED**. [Doc. 12]

**IT IS FURTHER ORDERED** that judgment shall be entered in accordance with this memorandum and order.